**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



**Dated: January 10 2017**

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 16-31778 |
| | ) | |
| Richard James Roby and | ) | Chapter 7 |
| Deanna Michele Roby, | ) | |
| | ) | |
| Debtor(s). | ) | JUDGE JOHN P. GUSTAFSON |

### MEMORANDUM AND ORDER RE: OHIO DEPARTMENT OF TAXATION'S MOTION TO RECONSIDER AVOIDANCE OF LIEN

This matter came before the Court on the State of Ohio Department of Taxation's (or "ODT") "Motion to Reconsider (Doc. 32)" [Doc. # 43], and the subsequently filed "Debtor's Brief To Ohio Department of Taxation's Motion to Reconsider (Doc. 32)" ("Debtors' Brief") [Doc. # 77], and ODT's "Brief Concerning Proper Service of Motions to Avoid Liens" ("ODT's Brief") [Doc. # 80].

On or about June 23, 2016, Debtors filed three motions to avoid liens held by the Ohio Department of Taxation. [Doc. ## 11, 12, and 13][1]. The certificates of service state that these motions were served upon: Ohio Department of Taxation, P.O. Box 182402, Columbus, Ohio 43218, by regular US mail. [*Id.*]. On June 24, 2016, Amended Certificates of Service were filed for the

---

[1]/ These three Motions were part of a total of seven Motions to avoid liens filed by Debtors to avoid various liens held by four separate creditors, including the three Ohio Department of Taxation liens.

three motions to avoid liens. [Docs. ## 17, 18, and 19]. The Amended Certificates of service provided the notice language required by Local Bankruptcy Rule 9013-1(a). However, service was again made on the same post office box address for the Ohio Department of Taxation.

No timely response was filed to any of Debtors' Motions to avoid liens.

Orders were entered [Doc. ## 32, 33, and 40] granting Debtors' three motions to avoid the liens of ODT. First, on July 14, 2016, an Order [# 32] was entered granting the motion [Doc. # 12] to avoid judgment lien # 2013 TL 00395 in the amount of $232.54. Second, on July 15th, an Order [# 33] was entered granting the motion [Doc. # 11] to avoid judgment lien # 2012 TL 00342 in the amount of $242.99. Third, on July 18th, an Order [Doc. # 40] was entered granting the motion [Doc. # 13] to avoid judgment lien # 2014 TL 00631 in the amount of $966.11.

Three Motions to reconsider the avoidance of the liens of the Ohio Department of Taxation were filed on July 27, 2016. [Docs. ## 43, 45, and 47]. The Motions cited statutes[2] and case law[3] to support the argument that the liens of the Ohio Department of Taxation were not "judicial liens" under Section 522(f), but rather were statutory liens, which are not avoidable under Section 522(f)(1)(A). ODT's Motions asked the court to vacate the three Orders avoiding the tax liens. [Docs. ## 32, 33 and 40].

On August 9, 2016, Debtors filed three Replies [Docs. ## 61, 62, and 63] to ODT's Motions to reconsider. Essentially, the Replies asserted that the liens served no legitimate purpose, as the underlying debts were discharged, and that no authority had been cited "which would cause these liens to be non-voidable." [*Id.*, p. 1]. Further, Debtors asserted that ODT had been served, and had failed to file timely responses.

A Hearing was held on the Motions to Reconsider. At the Hearing, the court requested briefs on the issue of whether or not service on the Ohio Department of Taxation was proper under the Federal Rules of Civil Procedure, specifically Rule 7004(b)(6). Debtors filed three essentially identical briefs on the service issues [Docs. ## 77, 78, and 79]. The Ohio Department of Taxation filed a single brief [Doc. # 80].

---

[2]/ The definition of a "judicial lien" in 11 U.S.C. §101(53); the judicial lien avoidance provision relied upon by Debtors, 11 U.S.C. §522(f); and the statutory provision stating that exemptions do not protect property from tax liens, 11 U.S.C. §522(c)(2)(B).

[3]/ *In re Weaver*, 248 B.R. 106 (N.D. Ohio Bankr. 2000); *In re DeMarah*, 63 F.3d 1248 (9th Cir. 1995); *Reed v. Civiello*, F.Supp.2d 1008 (N.D. Ohio, 2008); *United States v. Toler*, 666 F. Supp. 2d 872 (S.D. Ohio 2009); *In re Jarrett*, 293 B.R. 127 (Bankr. N.D. Ohio 2002); *Deppisch v. United States (In re Deppisch)*, 227 B.R. 806 (Bankr. S.D. Ohio 1998); and *Johnson v. Home State Bank*, 501 U.S. 78 (1991).

Debtors' briefs state that they "elect to stand on their prior briefs maintaining that the matter herein is moot", and that "service was proper as the Department of Taxation acknowledged receipt of same . . . ." [*Id.*]. Further, Debtors assert that "[t]he address the motion was sent to was such an inconsequential factor [to this case] that the [ODT] did not even argue it in their Motion for Reconsideration." [*Id.*]. In its brief, the ODT argues that service regarding the Motions to avoid the liens was improper, and because of the alleged improper service, the Motions should be denied as a matter of law. For the reasons that follow, ODT's three Motions to Reconsider [Doc. ## 43, 45, and 47] are hereby **GRANTED**, and the court's orders granting Debtors' three motions to avoid ODT's liens [Doc. ## 32, 33, and 40] will be vacated.

When a party asserts that it was not properly served, the heart of the issue is whether there was sufficient notice to satisfy constitutional due process requirements, whereby a party is afforded an opportunity to be heard before being deprived of property or liberty. *See, Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L.Ed. 865 (1950).

Federal Rule of Bankruptcy Procedure 4003(d) provides that "[a] proceeding by the debtor to avoid a lien or other transfer of property exempt under § 522(f) of the Code shall be by motion in accordance with Rule 9014." Fed.R.Bankr.P. 9014, which applies to contested matters, requires a motion to be "served in the manner provided for service of a summons and complaint by Rule 7004." *See e.g.*, *In re Ballard*, 502 B.R. 311, 320-321 (Bankr. S.D. Ohio 2013). Federal Rule of Bankruptcy Procedure 7004(b)(6) allows for service by first class mail "[u]pon a state or municipal corporation or other governmental organization . . . to the person or office upon whom process is prescribed to be served by the law of the state in which service is made . . . ."

Under the Ohio Rules of Civil Procedure, Rule 4.2(K) states that service upon the state of Ohio or any of its departments must be made by "serving the officer responsible for the administration of the department, office or institution or by serving the attorney general of [the] state . . . ." Ohio Civ.R. 4.2. Thus, proper service on the Ohio Department of Taxation would be made by serving either the tax commissioner, he or she being the "officer responsible for the administration of the department", or the Ohio Attorney General. In the case at hand, service of the three Motions was made on a P.O. box in Columbus. None of the Motions were served on the tax commissioner's address at 30 E. Broad St., 22nd Floor, Columbus, Ohio 43251, nor were they served on the attorney general's address at 30 E. Broad. St., 14th Floor, Columbus, Ohio 43215.

Contrary to Debtors' assertion that the address to which the motions were sent was "an

3

inconsequential factor", courts have found that "the special and 'comparatively lenient' procedure of service by mail in bankruptcy cases requires parties to strictly comply with Rule 7004, thus protecting due process rights while still allowing bankruptcy matters to proceed expeditiously." *In re Lancaster*, 2003 Bankr. LEXIS 11, at *8, 2003 WL 109205, at *3 (Bankr. D. Idaho); *see also, In re Kutrubis v. Bowman*, 486 B.R. 895, 900 (N.D. Ill. 2013)("Valid service of process is necessary for the court to exercise personal jurisdiction over a defendant." *United States v. Ligas*, 549 F.3d 497, 500 (7th Cir. 2008). A judgment is void where the requirements of service of process are not satisfied. *In re Cappuccilli*, 193 B.R. 483, 488 (Bankr. N.D.Ill. 1996). Bankruptcy Rule 7004 governs the requirements for service of process. . . ."); *In re Schoon*, 153 B.R. 48, 49 (Bankr. N.D. Calif. 1993) (finding that "[n]ationwide service of process by first class mail is a rare privilege which can drastically reduce the costs and delay of litigation. As a privilege, it is not to be abused or taken lightly.").

In a recent Second Circuit case, the court in *Decena v. Citizens Bank*, 2016 WL 6998677, 2016 U.S. Dist. LEXIS 165171 (E.D.N.Y. Nov. 29, 2016) posited that even when the defendant received notice via first class mail, service was still improper, because as an insured depository, defendant was to be served via "certified mail", for purposes of Rule 7004. Because defendant was served by first class mail and not certified mail, per the requirements of Rule 7004, a default judgment against Citizens Bank was vacated, as plaintiff did not adhere to the strict Rule 7004 requirements. Similarly, in a case involving Section 522(f), the court stated: "Even if the bank received actual notice of the debtor's motion to avoid a judicial lien, this would not remedy the lack of valid service of process." *In re Hillier*, 2008 Bankr. LEXIS 2571, at *2 (Bankr. N.D. Ind. Oct. 2, 2008). The decision in *Hiller* is consistent with the holdings of the Sixth Circuit Court of Appeals in non-bankruptcy cases. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1154-56 (6th Cir. 1991) ("[W]e agree with the majority rule. Due to the integral relationship between service of process and due process requirements, we find that the district court erred in its determination that actual knowledge of the action cured a technically defective service of process.").

Here, Debtors contend that ODT's "delay in processing the[ir] mail" [Doc. # 61, p. 2] likely led to the issue currently before the court. But even if a delay occurred in the processing of ODT's mail, it would not matter, as the evidence is clear that service of the motions to avoid liens to a P.O. Box was not sufficient to satisfy Rule 7004 and Ohio Civ.R. 4.2. As set forth by the court in *Beneficial California Inc. v. Villar (In re Villar)*, 317 B.R. 88 (9th Cir. BAP 2004), "strict" and

16-31778-jpg    Doc 83    FILED 01/10/17    ENTERED 01/10/17 16:46:30    Page 4 of 5

"literal" compliance with Rule 7004 is a small burden to meet with regards to due process considerations, and service to a corporate creditor's post office box does not comply with Rule 7004's requirement that proper service is to made on an officer or other agent authorized to receive such service. In this case, proper service required the Debtors to serve either the tax commissioner or the attorney general, and neither was served.

Because proper service was not made under Rule 7004, and ODT has asserted at least a colorable meritorious legal defense to the lien avoidance action sufficient to create the possibility of a different outcome if these Motion were tried on the merits,[4] and based on the Sixth Circuit's policy favoring determinations on the merits,[5] the court will vacate the orders avoiding the liens, and require that ODT be served in accordance with Rule 7004 if the Debtors wish to pursue the avoidance of ODT's liens. Accordingly, the court **GRANTS** ODT's Motions to Reconsider [Doc. ## 43, 45, and 47]. Separate orders vacating the court's orders granting Debtors' motions to avoid the liens held by ODT will be entered in accordance with this Memorandum and Order.

**IT IS SO ORDERED.**

---

[4] *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 843 (6th Cir. 2011).

[5] *Krowtoh II LLC v. ExCelsius Int'l Ltd*, 330 F. App'x 530, 534 (6th Cir. 2009).

16-31778-jpg    Doc 83    FILED 01/10/17    ENTERED 01/10/17 16:46:30    Page 5 of 5